[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 12, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-17192

_____

D. C. Docket No. 04-00146-CV-4

MISENER MARINE CONSTRUCTION, INC.,

Plaintiff-Counter-Defendant-
Counter-Claimant-Appellee,

versus

NORFOLK DREDGING COMPANY,

Defendant-Counter-Claimant-
Cross-Defendant-Cross-
Claimant-Appellee,

TRAVELERS CASUALTY AND
SURETY COMPANY OF AMERICA,

Defendant-Counter-Defendant-
Appellee,

GENERAL GAS CARRIER CORPORATION,

Defendant-Cross-Claimant-
Cross-Defendant-
Counter-Defendant-Appellee,

LPG/C STEVEN N,

                                   Defendant-Cross-Claimant-
                                   Counter-Defendant-Appellee,

PCS PHOSPHATE COMPANY, INC.,

                                   Defendant-Counter-Claimant-
                                   Third-Party Plaintiff-Appellee,

PCS NITROGEN FERTILIZER, L.P.,

                                   Defendant-Counter-Claimant-
                                   Third-Party Plaintiff-Appellee,

                          versus

GEORGIA PORTS AUTHORITY,

                                   Third-Party Defendant-
                                   Counter-Claimant-
                                   Counter-Defendant-Appellant.

                     _____

              Appeal from the United States District Court
                 for the Southern District of Georgia
                     _____

                       **(October 12, 2006)**

Before BLACK and HULL, Circuit Judges and CONWAY,[*] District Judge.

PER CURIAM:

_____

[*]Honorable Anne C. Conway, United States District Judge for the Middle District of Florida, sitting by designation.

Georgia Ports Authority (GPA) appeals the district court's December 14, 2005, order denying its motion to dismiss based on Eleventh Amendment immunity. GPA filed its motion to dismiss on June 2, 2005. On November 15, 2005, prior to the court issuing an order on the motion, GPA filed a motion for summary judgment also based on Eleventh Amendment immunity. In a status report filed contemporaneously with the motion for summary judgment, GPA asked the court to supplement its motion to dismiss with the additional factual and legal support found in its motion for summary judgment. Based on the district court's order, however, it appears the court only reviewed the motion to dismiss. The order states: "[b]efore the Court is Georgia Ports Authority's . . . Motion to Dismiss based on Eleventh Amendment immunity (Doc. 66)." Moreover, briefing on the motion for summary judgment was not complete at the time the district court issued the order denying the motion to dismiss. Misener Marine responded to the motion for summary judgment on December 13, 2005. The next day, December 14, 2005, the court denied GPA's motion to dismiss. GPA then filed a reply brief in support of its motion for summary judgment on December 22, 2005. As of this time, the district court has yet to rule on the motion for summary judgment.

The parties have submitted extensive evidentiary support that will be considered upon summary judgment. However, given the very limited record presented initially with the motion to dismiss, we conclude only that the Georgia Ports Authority has failed to satisfy its burden of establishing Eleventh Amendment immunity at this procedural juncture. Accordingly, we cannot say that the district court erred when it denied GPA's motion to dismiss based on that limited record. The district court also did not err in ruling on the motion to dismiss based on only the evidence presented with the motion to dismiss and in not considering the evidentiary support submitted with the summary judgment motion, given that the summary judgment motion was filed over five months after the motion to dismiss was filed and the briefing on the summary judgment motion was not even complete when the district court denied the motion to dismiss.

Our affirmance of the denial of the motion to dismiss, however, is without prejudice to GPA's reassertion of the Eleventh Amendment immunity argument in its motion for summary judgment, which remains pending before the district court. Nothing herein shall be construed as a substantive ruling on whether the GPA is or is not entitled to Eleventh Amendment immunity.

AFFIRMED.